FILED BY ⧸‎ D.C.

05 JUL 29 AM 11: 10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**BETTY ANN LEWIS,**

    Plaintiff,

vs.

    Case No. 04-2827 D V

**CIGNA GROUP INSURANCE,**

    Defendant.

## ORDER ADMINISTRATIVELY CLOSING CASE

It appears to the court that the parties have notified the court that they have resolved their dispute, however, they are completing the paperwork to memorialize the resolution. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the court without the necessity of a reopening filing fee should the case require

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _8-1-05_



further administration. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this 29 day of July, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:04-CV-02827 was distributed by fax, mail, or direct printing on August 1, 2005 to the parties listed.

---

Justin Gilbert
THE GILBERT LAW FIRM
2021 Greystone Park
Jackson, TN 38308

Ashley Swain Old
HUSCH & EPPENBERGER, LLC
6060 Poplar Ave.
Ste. 440
Memphis, TN 38119

Michael L. Russell
THE GILBERT LAW FIRM
2021 Greystone Park
Jackson, TN 38308

David A. Thornton
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT